```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                         FORT WORTH DIVISION

SHANE LEE DIXON,                §
                                §
          Petitioner,           §
                                §
v.                              §       No. 4:17-CV-413-Y
                                §
LORIE DAVIS, Director,          §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
          Respondent.           §
```

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Shane Lee Dixon, a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

**I. Factual and Procedural History**

The state-court records reflect that in March 2014 Petitioner was indicted in Tarrant County, Texas, Case No. 1352104D, for the murder of Signe Edwards. (SHCR-01 Main Writ 67-68, doc. 12-2.) The indictment also included a deadly-weapon allegation and a habitual-offender notice. (Id.) On August 11, 2014, pursuant to a plea agreement, Petitioner pleaded guilty to the offense and true to the habitual-offender notice, and the trial court assessed his

punishment at thirty years' imprisonment. (Id. at 69-76.) Petitioner did not appeal his conviction or sentence. (Pet. 3, doc. 3.) On November 10, 2015,[1] Petitioner filed a postconviction state habeas-corpus application challenging his conviction, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHCR-01 Main Writ 26 & Action Taken, docs. 12-1 & 2.) On April 17, 2017,[2] Petitioner filed this federal habeas petition challenging his state-court conviction. (Pet. 10, doc. 3.)

## II. Issues

In four grounds for relief, Petitioner claims that he received ineffective assistance of trial counsel (grounds one through three) and that the trial court's judgment is a "false document" because "no weapon was submitted as evidence" (ground four). He seeks a remand to the trial court for a new trial. (Id. at 6-7.)

## III. Statute of Limitations

Respondent alleges that the petition is untimely under the federal statute of limitations. (Resp't's Preliminary Answer 4-7,

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date Petitioner signed the document or placed it in the prison mailing system, however the envelope in which he mailed the petition reflects a postmark of November 10, 2015. Thus, for purposes of this opinion the application is deemed filed on that date.

[2]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

doc. 13.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period begins to run on the date on which the judgment of conviction becomes final by the expiration of the time

3

for seeking direct review.³ Under this provision, Petitioner's judgment of conviction became final upon expiration of the time that he had for filing a notice of appeal, which occurred on September 10, 2014. Therefore, the limitations period began the next day and closed one year later on September 10, 2015, absent any tolling. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas-corpus application, filed on November 10, 2015, after limitations had already expired, did not operate to toll the limitations period under the statutory provision in § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner demonstrated that he is entitled to tolling as a matter of equity. For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, ---

---

³Petitioner asserts that he raises his fourth ground for the first time in this petition because he just recently received "copies of paperwork showing the mistake." (Pet. 8, doc. 3.) Although there is no evidence in the record that Petitioner expressly agreed to a deadly-weapon finding as part of the plea agreement, count one of the indictment, to which Petitioner pleaded guilty, included a deadly weapon allegation. Therefore he had notice that the state intended to seek such a finding. Furthermore, Petitioner executed a written judicial confession that "[a]ll deadly weapon allegations are true and correct." (SHCR-01 Main Writ 73, doc. 12-2.) Petitioner's judicial confession relieved the state of its burden to prove the allegation. Nevertheless, to the extent subsection (D) could be implicated as to Petitioner's fourth claim, with any diligence whatsoever Petitioner could have discovered that the judgment contained a deadly-weapon finding at or near the time the judgment was entered.

U.S. ---, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). Petitioner makes no showing of actual innocence, provides no explanation regarding why the one-year statute of limitations does not bar his petition, and has not responded to Respondent's preliminary answer regarding the timeliness issue. (Pet. 9, doc. 3.)

Accordingly, Petitioner's federal petition was due on or before September 10, 2015. His petition filed on April 17, 2017, is therefore untimely.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED December 6, 2017.

                                                      TERRY R. MEANS
                                                      UNITED STATES DISTRICT JUDGE